FRANK A. MOREY, Exr., In Equity *vs.* MARY P. HAGGERTY et als.

Androscoggin.    Opinion February 9, 1923.

*Title to personal property may be acquired by long continued possession of such a character as to bar remedies for recovery, provided such possession is not permissive.*

Possession of personal property so long continued and of such quality and character as to bar remedies for recovery, in effect gives title.

It must appear however, to have this effect that the possession was other than permissive.  Merely permissive possession, however long continued will not give title nor bar remedies.

On appeal.  A bill in equity brought by plaintiff as the executor of the will of Mary E. Callaghan, late of Lewiston, deceased, to determine the title to six bonds of the city of Lewiston.  On January 14, 1911, testatrix gave and delivered to her niece, then Pearl McPhilemy, but afterwards, Mary P. Haggerty, one of the defendants, the bonds in question, and signed a written statement to that effect, and at the same time made her will, in which she named the other defendants as residuary legatees.  For two years Mary P. Haggerty retained possession of the bonds and kept them in a safe deposit box rented by her.  In about two years testatrix recovered from her illness and the bonds were transferred from the box rented by Mary P. Haggerty to a box rented by testatrix who retained the possession of the bonds, clipping the coupons therefrom, for about nine years until her death.  The questions involved were as to whether there was a gift "inter vivos" or "causa mortis," and if a gift inter vivos, as to whether testatrix had regained title by possession.  Upon a hearing the sitting Justice found that there was an absolute gift of the bonds inter vivos to Mary P. Haggerty, and the residuary legatees appealed.  Appeal dismissed.  Decree affirmed.

The case is stated in the opinion.

*Frank A. Morey,* for plaintiff.

*Clifford & Clifford,* for Mary P. Haggerty.

*Frank T. Powers and Michael J. Jordan,* for the residuary legatees.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, DEASY, JJ.

DEASY, J.   In 1911 the testatrix Mary E. Callaghan gave certain bonds to her niece Pearl McPhilemy, now Mary P. Haggerty.   Before the Justice hearing the case it was strenuously urged that this was a gift causa mortis, therefore revocable, and later revoked.   The Justice found that "Mrs. Callaghan made an absolute gift of the bonds inter vivos to Miss McPhilemy on Jan. 14, 1911."   This finding is presumably right and is supported by the testimony.

The only other question is as to whether Mrs. Callaghan, having given the bonds away irrevocably, ever regained title to them.

It is contended that Mrs. Callaghan had possession of the bonds at the time of her decease and had kept exclusive possession of them for so long a time and under such circumstances as to bar any legal action to recover from her either the bonds or their value.   Such bar it is said in effect gives title recognized and protected both in law and equity.

The principle thus contended for is well grounded in reason and authority.   Possession of personal property so long continued and of such quality and character as to bar remedies for recovery, in effect gives title.

"The weight of authority is in favor of the proposition that, where one has had the peaceable, undisturbed, open possession of real or personal property, with an assertion of his ownership, for the period which, under the law, would bar an action for its recovery by the real owner, the former has acquired a good title."   *Campbell* v. *Holt*, 115 U. S., 620, 29 L. Ed., 483.

"Where the statute would be a bar to a direct proceeding by the original owner, it cannot be defeated by indirection within the jurisdiction where it is law.   If he cannot replevy, he cannot take with his own hand.   A title which will not sustain a declaration will not sustain a plea."   *Chapin* v. *Freeland*, 142 Mass., 383.

"It is well settled that the title to personal property may be lost or gained by six years adverse possession."   *Merrill* v. *Bullard*, (Vt.), 8 Atl., 157.   R. S., Chap. 86, Sec. 85.

But to have this effect it must affirmatively appear that the possession was other than permissive.   Merely permissive possession however long continued  will not give title nor bar remedies.   In this essential particular the evidence fails to sustain the contention.

It indeed appears that Mrs. Callaghan had possession of the bonds for several years immediately preceding her death. They were kept in her own safety deposit box. She alone went to the box. She cut the coupons or had them cut. But all this may have been by Mrs. Haggerty's consent. The coupons may have been collected for her benefit. The burden was upon the parties representing the estate of Mrs. Callaghan to prove not merely long continued possession, but such possession as bars remedies and gives title. To determine otherwise would be to hold that any agent who for more than six years has possession of his principal's bonds, cutting and collecting the coupons, may by showing such facts, make out prima facie title as against his principal.

*Appeal dismissed.*
*Decree affirmed.*